IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TERI LEA EVENSON-CHILDS, DANIEL O'TOOLE, RICHARD CHURCHILL, and KEITH LEONARD, individually, and on behalf of all similarly situated individuals,<br><br>                  Plaintiffs,<br><br>vs.<br><br>RAVALLI COUNTY; STEPHEN HOLTON, in his official capacity as RAVALLI COUNTY SHERIFF; JENNIFER RAY, in her official capacity as RAVALLI COUNTY JUSTICE OF THE PEACE; JIM BAILEY, in his official capacity as RAVALLI COUNTY JUSTICE OF THE PEACE; HOWARD RECHT, in his official capacity as DISTRICT JUDGE FOR THE 21ST JUDICIAL DISTRICT; and JENNIFER LINT, in her official capacity as DISTRICT JUDGE FOR THE 21ST JUDICIAL DISTRICT,<br><br>                  Defendants. | CV 21–89–M–DLC–KLD<br><br>ORDER |

      Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendations regarding Plaintiffs' Renewed Motion for a Preliminary Injunction Against Defendants Holton and Ravalli County (Doc. 40);

1

Defendants Ravalli County, Stephen Holton, Jennifer Ray, and Jim Bailey's Rule 12(b)(6) Motion to Dismiss (Doc. 46); Defendants District Court Judges' Motion to Dismiss (Doc. 48); and Plaintiffs' Motion for Class Certification (Doc. 60). (Doc. 78.)  Judge DeSoto recommends that (1) the District Court Judges' Motion to Dismiss (Doc. 48) be granted; (2) the County Defendants' Motion to Dismiss (Doc. 46) be granted as to Sheriff Holton and the Justices of the Peace and denied in all other respects; (3) Plaintiffs' Renewed Motion for a Preliminary Injunction (Doc. 40) be denied; and (4) Plaintiffs' Motion for Class Certification (Doc. 60) be granted in part and denied in part.  (Doc. 78 at 88–89.)  The Court agrees and will adopt Judge DeSoto's Findings and Recommendations in full.

A party is only entitled to de novo review of those findings to which he or she specifically objects.  28 U.S.C. § 636(b)(1)(C).  In the absence of an objection, this Court reviews findings for clear error.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Judge DeSoto's Findings and Recommendation notified the parties of their right to object to her conclusions (Doc. 78 at 90), but neither party objected.

Reviewing Judge DeSoto's thorough and thoughtful opinion for clear error, the Court finds none.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 78) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendants District Court Judges' Motion to Dismiss (Doc. 48) is GRANTED.

IT IS FURTHER ORDERED that the County Defendants' Motion to Dismiss (Doc. 46) is GRANTED IN PART and DENIED IN PART; the motion is GRANTED as to Defendant Sheriff Holton, Defendant Jennifer Ray, and Defendant Jim Bailey, and DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiffs' Renewed Motion for a Preliminary Injunction (Doc. 40) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Class Certification (Doc. 60) is GRANTED IN PART and DENIED IN PART as follows:

    (1)    Plaintiffs' motion to certify the main proposed damages and main injunctive classes is DENIED as to all counts of the Second Amended Complaint;

    (2)    Plaintiffs' motion to certify the proposed indigent damages subclass is DENIED as to all counts of the Second Amended Complaint;

    (3)    Plaintiffs' motion to certify the proposed indigent injunctive subclass is DENIED WITHOUT PREJUDICE as to counts 1, 2,

and 9 of the Second Amended Complaint, subject to refiling if those claims survive summary judgment; and

(4) Plaintiffs' motion to certify the proposed indigent injunctive subclass is GRANTED as to counts 3 through 8 of the Second Amended Complaint, and the Court hereby certifies the following class as to those counts:

> All indigent persons who are or will be: accused of a crime in Ravalli County, Montana, arrested, incarcerated, placed on the Jail Diversion Program, and charged pretrial fees without having been convicted for the crime for which the Jail Diversion Program was ordered.

The Court shall issue further orders relating to class certification at an appropriate time following the preliminary pretrial conference in this matter, which shall be set by separate order.

DATED this 21st day of March, 2023.

_____
Dana L. Christensen, District Judge
United States District Court