Phil Telfeyan
Lily Milwit
Equal Justice Under Law
400 7th Street NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
lmilwit@equaljusticeunderlaw.org
*Attorneys for Plaintiffs*

Timothy M. Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| DANIEL O'TOOLE, RICHARD CHURCHILL, and KEITH LEONARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RAVALLI COUNTY,<br><br>Defendant. | Case. No. 9:21-cv-89-DLC-KLD<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RENEWED MOTION FOR CLASS CERTIFICATION |

Plaintiffs respectfully move for clarification regarding the Due Process Claim brought by the certified injunctive class. Plaintiffs' view is that they are bringing one Due Process Claim with multiple legal theories to support their claim, and that any one of Plaintiffs' legal theories is sufficient for a holding of a Due Process violation. During recent meet-and-confer sessions with Defendant in preparation for the February 25, 2026, Final Pretrial Conference in this matter, Plaintiffs have

1

become aware that Defendant takes an alternative view: Defendant believes that Plaintiffs can only advance certain legal theories in support of their Due Process claim. Plaintiffs respectfully request that this Court offer clarification at the currently scheduled pretrial conference. Nothing in this motion seeks any change to any current deadlines or dates on this Court's calendar.

I.  **Factual Background and Procedural History**

Plaintiffs filed their original Complaint on August 9, 2021 (ECF Doc. 1) and filed their Second Amended Complaint ("SAC") on November 16, 2021 (ECF Doc. 34), which is the operative complaint at this point. Plaintiffs' SAC separated multiple legal theories that support a Due Process violation into "counts" (*see* ECF Doc. 34, pp. 54–58, counts 1, 2, 4, 5); it separated multiple legal theories that would have supported an Equal Protection claim into different counts (*id.*, counts 3, 6, 7); it brought a state-law claim for false imprisonment (*id.*, count 8); and it raised a count regarding coercive contracts (count 9). Plaintiffs do not believe they were under any legal obligation to identify their legal theories in their complaint, nor do they believe that caselaw limits Plaintiffs' legal theories to any particular theories advanced in a complaint. *Crull v. Gems Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995) ("The pleadings need not identify any particular legal theory under which recovery is sought.").

On April 8, 2022, Plaintiffs sought class certification of both damages and

injunctive classes for all claims.  *See* ECF Docs. 60, 61.  Plaintiffs also filed a motion for preliminary injunction, and various Defendants filed motions to dismiss; this Court addressed Plaintiffs' class certification motion, Plaintiffs' preliminary injunction motion, and all motions to dismiss in a single Findings and Recommendations memorandum on January 13, 2023.  ECF Doc. 78 ("F&R 78") (later adopted without objection in ECF Doc. 79).

F&R 78 certified the proposed indigent injunctive class as to counts 3–8 and denied certification without prejudice as to counts 1, 2, and 9, "subject to refiling if those claims survive summary judgment."  ECF Doc. 78, p. 89.  Notably, F&R 78 did not purport to dismiss counts 1 or 2 (or any other counts).  The parties later cross-moved for summary judgment, leading to a recommended dismissal of all counts.  ECF Doc. 125.  After objection by Plaintiffs, this Court held that Plaintiffs' due process claims (counts 1, 2, 4, 5) survive along with Plaintiffs' false imprisonment claim (count 8).  Plaintiffs did not object to the recommended dismissal of their Equal Protection claims (count 3, 6, 7) or their coercive contracts claim (count 9), so those counts remain dismissed.

Defendant appealed this Court's summary judgment order, which concluded with a dismissal on August 27, 2025 (ECF Doc. 132).

On February 11, 2026, the parties met and conferred about the pretrial filings pursuant to this Court's Scheduling Order (ECF Doc. 133).  During this meeting,

3

Defendant's counsel expressed theories contrary to Plaintiffs understanding of the aforementioned orders, particularly this Court's rulings on class certification and the arguments Plaintiffs are permitted to advance at trial. It is from this conversation that Plaintiffs' instant Motion stems.

This case is currently scheduled for Final Pretrial Conference on February 25 and trial on March 9, 2026. Plaintiffs do not intend by the instant motion to seek any change to current deadlines or dates.

## II.     Plaintiffs Seek Clarification on Whether F&R 78 Limits the Legal Theories Plaintiffs May Advance at Trial

Plaintiffs respectfully request clarification from this court on how prior orders may impact or limit the legal theories Plaintiffs may choose to advance at trial. Plaintiffs' view is that, given that this Court has previously certified an injunctive class to claim violations of the Due Process Clause, Plaintiffs may advance any legal theories at trial supported by evidence in the record, and that neither Plaintiffs' voluntary outline of legal theories in their SAC nor F&R 78's parsing of legal theories affects Plaintiffs' ability to argue additional or different theories at trial if the evidence supports such arguments. In other words, while this Court has explicitly certified an injunctive class as to counts 4 and 5 (both of which are Due Process counts), Plaintiffs do not understand this outcome to bind the specific verbiage of due process argumentation that Plaintiffs may advance at trial.

It is Plaintiff's understanding that counts 1, 2, 4, and 5 are only different

insomuch as each count presents a different legal theory supporting a procedural due process violation.  These counts effectively operate as different legal arguments to the same outcome: a violation of Due Process.  As such, Plaintiffs have understood the class certification rulings not to limit Plaintiffs as to which arguments may be developed and made at trial.

Caselaw supports Plaintiffs' understanding, as courts have held that, so long as Plaintiffs maintain a live Due Process claim, the specific legal arguments that Plaintiffs make at trial are bound only by what the evidence in the record supports. "The federal rules contemplate that the process of defining and narrowing the issues raised in the pleadings will be accomplished through discovery and other pretrial procedures.  Through these procedures, a party may even be permitted to alter the legal theory of its case, 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981) (internal citations omitted); *see also J.R. Simplot Co. v. McCain Foods USA*, No. 1:16-CV-00449-DCN, 2019 WL 2745730, at *3 n.3 (D. Idaho July 1, 2019) ("[T]hat is the nature of litigation; positions can change, arguments can evolve, and theories can be refined."); *MultiCraft Imports, Inc. v. Mariposa USA*, No. CV 16-3975 DMG (KSX), 2018 WL 3357466, at *6 (C.D. Cal. May 9, 2018) ("For the most part, litigants are free to adjust their theories of liability and defense throughout the

5

course of litigation as evidence is discovered, so long as the scope of the action does not go beyond the pleadings and no party is prejudiced.").

### III. As a Practical Matter, Defendant's Contrary Reading Leads to the Same Outcome

The disagreement between Plaintiffs and Defendant on this issue may result, at least in part, from a difference in opinion as to the practical output of F&R 78. Plaintiffs are not aware of any dispute regarding the three Named Plaintiffs' standing to seek injunctive relief under the legal theories outlined in counts 1 and 2. Any injunctive relief the individual Named Plaintiffs receive under counts 1 and 2 would necessarily benefit the same class as counts 4 and 5 because the injunctive relief is inherently indivisible. In other words, there appears to be no practical difference between the Named Plaintiffs seeking an injunction under the four Due Process theories outlined in counts 1, 2, 4, and 5 versus a scenario where the certified class may only raise the legal theories outlined in counts 4 and 5 to support a Due Process violation.

It is Plaintiffs' understanding that, even under Defendant's view, this Court has jurisdiction to issue an injunction under any of counts 1, 2, 4, and 5, but Defendant apparently believes that any injunction issued under counts 1 and 2 would have been sought only by the Named Plaintiffs individually, not on behalf of a class, while any injunction issued under counts 4 and 5 would have been sought by a class. But in all cases, any injunctive relief would be inherently indivisible, so the certified

6

class benefits in the same way.

This logic further supports Plaintiffs' belief that the most straightforward interpretation of the Plaintiffs' counts is simply as alternative legal theories, and that Plaintiffs really bring one Due Process claim with various alternative legal theories. Because this Court has certified an injunctive class to bring a Due Process claim, there is no freestanding limitation on the legal arguments that class makes beyond what can reasonably be supported by law and evidence.

**IV.     In the Alternative, Plaintiffs Renew Plaintiffs' Motion for Class Certification with Regard to Counts 1 & 2**

F&R 78 explicitly denied dismissal of counts 1 and 2 and explicitly allowed renewed certification after summary judgment. ECF Doc. 78, p. 89. For the arguments raised above in Section II and for the practical reasons raised above in Section III, Plaintiffs believe that clarification is the most judicious path. In the alternative, Plaintiffs renew their motion to certify an injunctive class on counts 1 and 2. Plaintiffs' goal is simply to ensure that Plaintiffs can argue each alternative legal theory in support of their Due Process claim — a result Plaintiffs understand as already permitted by the current state of affairs.

Because F&R 78 appears to only have hesitated on certification regarding counts 1 and 2 to see how discovery would develop the factual record, and because both counts have since survived summary judgment, Plaintiffs respectfully submit that no additional briefing is necessary and respectfully incorporate by reference

their original class certification briefing.  *See* ECF Docs. 60, 61, 72, 73.  Plaintiffs defer to Defendant on whether its prior class certification briefing (ECF Docs. 68, 69) is appropriate for the same purpose.

Class certification "may be altered or amended before final judgment."  Fed. R. Civ. P. 23(c)(1)(C).  For class allegations that are not dismissed with prejudice, "parties may move a district court to alter or amend an order granting or denying class certification at any time 'before final judgment,' Fed. R. Civ. P. 23(c)(1)(C), meaning that the denial of a motion for class certification 'is inherently tentative.'" *Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F. 3d 955, 964 n.7 (9th Cir. 2020) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)).  This Court's order on Plaintiff's initial motion for class certification explicitly reserved the right for Plaintiffs to seek class certification on Counts 1 and 2, should those claims survive summary judgment.

As prior briefing demonstrates, Plaintiffs satisfy the requirements of Rule 23(a) for the purposes of certifying an injunctive class for counts 1 and 2.  Injunctive relief would apply to all members of this class and would not require any individualized determinations.  Fed. R. Civ. P. 23(b)(2); *see* ECF 61 at 22.  The individuals impacted by Counts 1 and 2 are so numerous that joiner of all members would be impracticable.  Fed. R. Civ. P. 23(a)(1); *see* ECF 61 at 11.  Whether the Jail Diversion Program deprives individuals of property and whether pretrial fees

function as bail are common questions of fact, and whether these facts amount to a deprivation of due process is a common question of law. Fed. R. Civ. P. 23(a)(2); *see* ECF 61 at 13. The claims of the representative parties are typical to the class, and the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(3)–(4); *see* ECF 61 at 16, 18. As such, certification of an injunctive class for counts 1 and 2 is appropriate.

## V. Timeliness

While Plaintiffs maintain the right to file for amended class certification "before final judgment," Fed. R. Civ. P. 23(c)(1)(C), Plaintiffs filed this motion at the earliest possible occasion and have no intention to delay these proceedings. Firstly, Plaintiffs did not have the opportunity to move for class certification until the close of summary judgment, which did not occur until Defendant's appeal was dismissed on August 27, 2025 (ECF Doc. 132). Additionally, Plaintiffs were not made aware of the disagreement between the parties regarding what arguments Plaintiffs may advance at trail until the parties' pretrial discussion on February 11, 2026. As such, Plaintiffs could not seek clarification until that time.

## VI. Conclusion

Plaintiffs respectfully request that the court clarify what arguments Plaintiffs may advance at trial or, in the alternative, certify an injunctive class for plaintiffs' Counts 1 and 2.

Respectfully submitted,

*/s/ Phil Telfeyan*
Phil Telfeyan
Lily Milwit
Equal Justice Under Law
400 7th Street NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
lmilwit@equaljusticeunderlaw.org

*/s/ Timothy Bechtold*
Timothy Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that on February 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered counsel.

*/s/ Phil Telfeyan*
Phil Telfeyan
Counsel for Plaintiffs

## Certificate of Compliance

I hereby certify that that the foregoing document includes 2043 words in compliance with Local Rule 7.1(d)(2)(A).

*/s/ Phil Telfeyan*
Phil Telfeyan
Counsel for Plaintiffs