IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL O'TOOLE, RICHARD CHURCHILL, and KEITH LEONARD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RAVALLI COUNTY,<br>    Defendant. | CV 21–89–M–DLC<br><br><br>ORDER |

    The Parties' final pretrial materials are due February 16, 2026. (Doc. 133 at 2.) Last night, Plaintiffs filed a Motion to Clarify, seeking guidance from the Court as to which theories Plaintiffs may advance at trial. (Doc. 144.)

    Apparently, there is a dispute between the Parties regarding the scope of the trial scheduled to commence on March 9, 2026. Plaintiffs assert that they are not under "any legal obligation to identify their legal theories in their complaint, nor do they believe that caselaw limits Plaintiffs' legal theories to any particular theories advanced in a complaint." (Doc. 145 at 2.) Plaintiffs double down on this statement by further asserting that "they may advance any legal theories at trial supported by evidence in the record, and neither Plaintiffs' voluntary outline of

1

legal theories in their [Second Amended Complaint ("SAC")] nor F&R 78's parsing of legal theories affects Plaintiffs' ability to argue additional or different theories at trial if the evidence supports such arguments."[1] (*Id.* at 4.)

These are bold statements untethered to the Federal Rules of Civil Procedure and suggest that the trial in this case is going to be some sort of a "free for all" in which the Plaintiff class will be allowed to advance new legal theories that were not pled in the SAC.

That is not going to happen. As explained below, the Plaintiff class claims are limited to Counts One, Two, Four, Five, and Eight of the SAC.

The Court previously certified the following class as to Counts Three through Eight of Plaintiffs' SAC: "All indigent persons who are or will be: accused of a crime in Ravalli County, Montana, arrested, incarcerated, placed on the Jail Diversion Program, and charged pretrial fees without having been convicted for the crime for which the Jail Diversion Program was ordered." (Doc. 79 at 4.) The Court denied without prejudice this same class as to Counts One, Two, and Nine, subject to renewal following summary judgment. (*Id.* at 3–4.) Plaintiffs seek damages, declaratory, and injunctive relief.[2]

---

[1] Judge DeSoto's F&R (Doc. 78) was not an exercise in "parsing." It was a ruling on motions for summary judgment.
[2] The Court previously declined to issue a preliminary injunction. (Doc. 79 at 3.)

2

On June 2, 2025, the Court ruled on the Parties' respective Motions for Summary Judgment, allowing Counts One, Two, Four, Five, and Eight to advance to trial. (Doc. 127.) To the extent the Court needed to clarify that Counts One and Two, having survived summary judgment, are proceeding with Counts Four, Five, and Eight as a class, the Court takes the opportunity to do so now. On March 9, 2026, the Parties will try the following Counts from the SAC as a class as defined above:

Count 1: Violation of Procedural Due Process Regarding Deprivation of Property Interest in Fee Amount. Plaintiffs claim that Defendant Ravalli County deprived them of their property without due process as guaranteed under the Fourteenth Amendment by charging them for pretrial fees without any finding of guilt. (Doc. 34 ¶¶ 192–93.)

Count 2: Violation of Procedural Due Process for Arbitrary Bail. Plaintiffs claim that Ravalli County charges fees associated with the conditions of pretrial release for however long the case remains in pretrial status, and in doing so imposes the fees as quasi-bail, without the attendant due process protections. (*Id.* ¶ 195.)

Count 4: Violation of Procedural Due Process Regarding Ability to Pay. Plaintiffs claim that Ravalli County's practice of assessing pretrial fees without

considering ability to pay violates the Procedural Due Process Clause of the Fourteenth Amendment. (*Id.* ¶¶ 200–01.)

Count 5: Violation of Procedural Due Process for Incarceration for Non-Payment of Fees. Plaintiffs claim that by permitting the revocation of bail based on failure to pay pretrial fees without considering ability to pay, Ravalli County is effectively criminalizing poverty in violation of the Fourteenth Amendment's Procedural Due Process Clause. (*Id.* ¶¶ 203–06.)

Count 8: False Imprisonment. Plaintiffs claim that Ravalli County unlawfully detains pretrial arrestees beyond their release date by conditioning release on payment of arbitrary pretrial fees and that such "unlawful and involuntary restraint" constitutes false imprisonment. (*Id.* ¶¶ 216–17.)

These are the <u>only</u> legal claims that remain in this case. They are all class claims. Evidentiary proof at trial will be strictly limited to these five counts of the SAC.

DATED this 12th day of February, 2026.

_____
Dana L. Christensen, District Judge
United States District Court