IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL O'TOOLE, RICHARD CHURCHILL, and KEITH LEONARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RAVALLI COUNTY,<br><br>Defendant. | CV 21–89–M–DLC<br><br><br>ORDER |

The Ninth Circuit has transferred Plaintiff-Appellees' Motion for Attorneys' Fees to this Court. *See* Order, *Keith Leonard et al. v. County of Ravalli*, No. 25-4156 (9th Cir. Jan. 23, 2026), Dkt. No. 18. For the reasons herein, the Motion is DENIED.

### BACKGROUND

On June 2, 2025, this Court issued its ruling on the Parties' respective motions for summary judgment. (Doc. 127.) The Court denied Defendant-Appellant's (also referred to herein as "Ravalli County" and "the County") motion for summary judgment as to quasi-judicial immunity, finding that the challenged actions in this lawsuit are not the result of a court order, and therefore, Ravalli

1

County is not entitled to quasi-judicial immunity. (*Id.* at 25.) This was the first time the Court addressed the County's quasi-judicial immunity theory.

On June 30, 2025, the County appealed the Court's ruling on quasi-judicial immunity to the Ninth Circuit. (Doc. 129.) Before the Parties submitted briefing on the merits, the Ninth Circuit issued an Order alerting the Parties that the court may lack jurisdiction over the appeal and requiring Defendant-Appellant to "either file a motion to voluntarily dismiss th[e] appeal or file a statement explaining why it should not be dismissed." Order, *Leonard*, No. 25-4156 (9th Cir. July 15, 2025), Dkt. No. 6.

After reviewing briefing from both Parties on the issue of jurisdiction, the Ninth Circuit dismissed the appeal. Order, *Leonard*, No. 25-4156 (9th Cir. Aug. 27, 2025), Dkt. No. 11. The court explained that it "lack[ed] jurisdiction over th[e] appeal, because the municipal bodies sued under 42 U.S.C. § 1983 'may not appeal denial of quasi-judicial immunity, because they may not assert an absolute immunity in the first place.'" *Id.* at 1–2 (quoting *Garcia v. Cnty. of Riverside*, 817 F.3d 635, 639 (9th Cir. 2016)). Plaintiff-Appellees filed the present Motion for Attorneys' Fees, which the Ninth Circuit transferred to this Court. Order, *Leonard*, No. 25-4156 (9th Cir. Jan. 23, 2026), Dkt. No. 18.

## DISCUSSION

Plaintiff-Appellees seek attorneys' fees under Federal Rule of Appellate Procedure 38. *Leonard*, No. 25-4156 (9th Cir. Sept. 17, 2025), Dkt. No. 12.

Rule 38, which governs damages and costs for frivolous appeals, provides "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

Plaintiff-Appellees contend that had the County researched the Ninth Circuit's "binding precedent [in *Garcia v. County of Riverside*, 817 F.3d 635 (9th Cir. 2016)], it would have learned that an interlocutory appeal was frivolous because a municipality cannot assert quasi-judicial immunity in a Section 1983 lawsuit." *Leonard*, No. 25-4156 (9th Cir. Sept. 17, 2025), Dkt. No. 12 at 6. Plaintiff-Appellees describe the inapplicability of immunity for a county as "obvious," and argue that attorneys' fees are due because awarding reasonable fees "aligns with Rule 38's purpose to prevent abuses of the appellate system." *Id.* at 7–8.

In response, Defendant-Appellant frames its appeal as a "good-faith request to revisit precedent and therefore not frivolous." *Leonard*, No. 25-4156 (9th Cir. Oct. 6, 2025), Dkt. No. 16 at 2. The Court agrees with Defendant-Appellant.

Defendant-Appellant's interlocutory appeal on the issue of quasi-judicial immunity was timely and appropriate under the collateral order doctrine. As the United States Supreme Court explained in *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985), "the essence of absolute immunity is its possessor's entitlement not to answer for his conduct in a civil damages action." On appeal, Defendant-Appellant raised the non-frivolous argument that the Ninth Circuit's decision in *Garcia* overstated the United States Supreme Court's holding in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), by holding that *Monell* precluded any form of municipal liability, particularly quasi-judicial immunity, which Defendant-Appellant asserts in this case. *See Leonard*, No. 25-4156 (9th Cir. Aug. 5, 2025), Dkt. No. 9 at 1.

The fact that the Ninth Circuit declined to revisit its holding in *Garcia* does not mean the appeal was frivolous. In fact, the Ninth Circuit did not find the appeal was frivolous; rather, the Ninth Circuit transferred the Motion to this Court.

## CONCLUSION

Defendant-Appellant Ravalli County's appeal of this Court's ruling denying the County quasi-judicial immunity was not frivolous. As such, Plaintiff-Appellees are not entitled to attorneys' fees.

Accordingly, IT IS ORDERED that Plaintiff-Appellees' Motion for Attorneys' Fees is DENIED.

DATED this 12th day of February, 2026.

_____
Dana L. Christensen, District Judge
United States District Court