IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL O'TOOLE, RICHARD CHURCHILL, and KEITH LEONARD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RAVALLI COUNTY,<br>    Defendant. | CV 21–89–M–DLC<br><br><br>ORDER |

Before the Court are Defendant's Motion in Limine (Doc. 114), Plaintiffs'

Motion in Limine (Doc. 116), and Defendant's Supplemental Motion in Limine

(Doc. 134). For the reasons herein, Defendant's Motion in Limine (Doc. 114) is

GRANTED IN PART and DENIED IN PART, Plaintiffs' Motion in Limine (Doc.

116) is GRANTED IN PART and DENIED IN PART, and Defendant's

Supplemental Motion in Limine (Doc. 134) is DENIED IN FULL.

### BACKGROUND[1]

This matter is set for trial on March 9, 2026. The Court previously granted

---

[1] For a thorough factual background, see the Court's previous Order on the Parties' respective Motions for Summary Judgment (Doc. 127).

1

summary judgment in favor of Defendants on several counts. The remaining

claims from Plaintiffs' Second Amended Complaint ("SAC") are as follows:

> Count 1: Violation of Procedural Due Process Regarding Deprivation of Property Interest in Fee Amount. Plaintiffs claim that Defendant Ravalli County deprived them of their property without due process as guaranteed under the Fourteenth Amendment by charging them for pretrial fees without any finding of guilt. (Doc. 34 ¶¶ 192–93.)

> Count 2: Violation of Procedural Due Process for Arbitrary Bail. Plaintiffs claim that Ravalli County charges fees associated with the conditions of pretrial release for however long the case remains in pretrial status, and in doing so imposes the fees as quasi-bail, without the attendant due process protections. (*Id.* ¶ 195.)

> Count 4: Violation of Procedural Due Process Regarding Ability to Pay. Plaintiffs claim that Ravalli County's practice of assessing pretrial fees without considering ability to pay violates the Procedural Due Process Clause of the Fourteenth Amendment. (*Id.* ¶¶ 200–01.)

> Count 5: Violation of Procedural Due Process for Incarceration for Non-Payment of Fees. Plaintiffs claim that by permitting the revocation of bail based on failure to pay pretrial fees without considering ability to pay, Ravalli County is effectively criminalizing poverty in violation of the Fourteenth Amendment's Procedural Due Process Clause. (*Id.* ¶¶ 203–06.)

> Count 8: False Imprisonment. Plaintiffs claim that Ravalli County unlawfully detains pretrial arrestees beyond their release date by conditioning release on payment of arbitrary pretrial fees and that such "unlawful and involuntary restraint" constitutes false imprisonment. (*Id.* ¶¶ 216–17.)

Prior to the Court's ruling on the Parties' respective Motions for Summary

Judgment, the Parties filed Motions in Limine (Docs. 114, 116). Following the

Ninth Circuit's ruling on Defendant's interlocutory appeal, the Court held a telephonic scheduling conference and issued an order allowing the Parties to file optional supplemental motions in limine. (Doc. 133.) Optional supplemental motions in limine were due, fully briefed, on December 5, 2025. (*Id.* ¶ 1.) On December 5, 2025, Defendant filed its Supplemental Motion in Limine (Doc. 134), allowing no time for Plaintiffs to file a response.

### LEGAL STANDARD

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). "In the case of a jury trial, a court's ruling 'at the outset' gives counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 111–12 (9th Cir. 2009). A district court has discretion in ruling on a motion in limine. *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991).

### DISCUSSION

### I.     Defendant's Motion in Limine (Doc. 114)

Defendant's initial Motion in Limine seeks exclusion of four categories of

evidence. The Court addresses each request in turn.

### A. Unnamed Class Representatives

Defendant requests that the Court exclude any evidence or testimony from class members that are not named parties under Federal Rule of Evidence 403 "because any probative value is substantially outweighed by the danger of unfair prejudice, wasting time, and needlessly presenting cumulative evidence." [2] (Doc. 115 at 3.) Defendant contends that it "would suffer unfair prejudice having not been afforded the opportunity to engage in discovery with countless unknown class members in preparation for trial." (*Id.*) Defendant further warns that testimony of unnamed class members would be repetitive, and therefore a waste of the Court's time. (*Id.*) The Court disagrees.

Plaintiffs may call the three named representative members to testify, as well as any class members named in Plaintiffs' Preliminary Pretrial Statement (Doc. 25), any class members who submitted affidavits attached to Plaintiffs' Brief in Support of its Motion for Summary Judgment (Doc. 41), and any class member who submitted affidavits attached to Plaintiffs' Brief in Support of Motion to

---

[2] Throughout the briefing on the present Motions, Defendant repeatedly cites to Federal Rules of Civil Procedure that do not exist. Given the context of the briefing, the Court construes these citations as references to the Federal Rules of Evidence.

Certify Class (Doc. 61). Because Defendant has been aware of the identities of
these class members for over three years, Defendant cannot claim prejudice due to
a purported lack of opportunity to engage in discovery with "unknown class
members." Therefore, this Motion is GRANTED IN PART and DENIED IN
PART. Unnamed class members previously identified by Plaintiffs as indicated
above may testify so long as the testimony is relevant and noncumulative.

### B. Appointment of Public Defender and Indigence

Defendant asks the Court to preclude Plaintiffs "from using indigency for
purposes of qualifying for court appointed counsel as a proxy for establishing
indigency as it relates to the class certification." (Doc. 115 at 4.) Defendant again
relies on Rule 403, this time suggesting that the probative value of evidence that a
Plaintiff qualifies for a public defender is outweighed by the danger of confusing
the issues or misleading the jury. (*Id.*)

In response, Plaintiffs argue that the appointment of a public defender helps
to establish—but does not prove in and of itself—that a criminal defendant is
unable to afford the challenged fees which are the subject of this litigation. (Doc.
119 at 9.) The Court agrees with Plaintiffs: the appointment of a public defender is
one of many factors that may qualify a person as "indigent." Evidence of
appointment of a public defender is relevant to the determination of indigency.

5

Therefore, this Motion is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent that Plaintiffs may not use the appointment of a public defender as synonymous with indigency. Plaintiffs may, however, use the appointment of a public defender as one of many factors which qualify an individual as indigent.

### C. Use of the Term "Indigent"

Defendant seeks a ruling precluding Plaintiffs from "presenting any evidence, argument, or commentary regarding the term 'indigent' absent a definition." (Doc. 115 at 5.) Defendant suggests that the use of the term "indigent" would confuse the jury, waste the Court's time, and unduly prejudice the County. (*Id.*) Ironically, in Defendant's response to Plaintiffs' Motions in Limine, Defendant states that "[t]he class action claims fail if Plaintiffs cannot prove they are indigent. If Plaintiffs do not intend to put on evidence that they are indigent, their class action claims fail." (Doc. 121 at 9.) Defendant's inconsistent position supports the Court's conclusion that this motion must be DENIED.

"Indigent" is part of the class definition. Therefore, Plaintiffs may present evidence, argument, or commentary regarding the term. **The Parties shall jointly propose a jury instruction defining "indigent person."** The Court will then instruct the jury on this term.

**D. Evidence of Payments made by Plaintiffs to Defendant for Pretrial Services**

Defendant argues that evidence related to pretrial fees is inadmissible because it is proscribed by the *Rooker-Feldman* doctrine and irrelevant. (Doc. 115 at 7.) Specifically, Defendant contends that the *Rooker-Feldman* doctrine prohibits this Court "from exercising jurisdiction over a matter that would result in reversal or modification of a state court judgment." (*Id.* at 6.) But the Court has already rejected this argument. (Doc. 127 at 17–18.) As the Court understands the evidence, pretrial fees are not discussed in court nor encompassed in any court orders. (Doc. 104 ¶¶ 188–91). Therefore, the *Rooker-Feldman* doctrine does not apply, and this Motion is DENIED.

**II.    Plaintiffs' Evidentiary Motions (Doc. 117)**

Plaintiffs' evidentiary motions can be separated into two categories: (1) Plaintiffs' motions to exclude certain evidence including any speculative testimony of Sheriff Steve Holton, to exclude out-of-court statements of ex-defendant Judges, and to exclude certain evidence about Plaintiffs; and (2) for the admissibility of party opponent statements and "simple arithmetic."

**A. Exclusion of Evidence**

**1.  Sheriff Holton**

Plaintiffs move to exclude any speculation by Sheriff Holton about the

possible future of the Jail Diversion Program if Defendant loses this lawsuit. (Doc. 116 at 1.) Plaintiff objects to such testimony under Federal Rules of Evidence 403 and 602, arguing that such evidence is more prejudicial than probative and that Sheriff Holton lacks personal knowledge. (Doc. 117 at 5.)

Plaintiffs are correct that such evidence is irrelevant and speculative. Further, "[i]t is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Franks*, 956 F.2d 872, 879 (9th Cir. 1992). Therefore, this Motion is GRANTED. Sheriff Holton may testify as to how the Jail Diversion Program is funded and how rates for pretrial services are set, and any related subjects, but he may not testify about the future of the program if Plaintiffs win this lawsuit.

## 2. Out-of-Court Statements of Judge Recht, Judge Lint, Justice of the Peace Ray, and Justice of the Peace Bailey

Plaintiffs seek exclusion under Rules 801 and 403 of Ex-Defendant Judges' and Justices' out-of-court statements about pretrial court proceedings that are not at issue in this litigation, arguing that such statements are self-serving hearsay and more prejudicial than probative. (Doc. 117 at 12–13.)

Plaintiffs are correct that if the Judges and Justices do not testify, their statements would be hearsay. Accordingly, this Motion is GRANTED IN PART and DENIED IN PART. If the Judges and Justices do not testify, their statements

are excluded as hearsay. However, if they do testify, their statements may be offered for the limited purposes allowed under Rule 801(d)(1).

### 3.  Evidence About Plaintiffs' Characters

Plaintiffs ask the Court to exclude evidence of "Plaintiffs' individual criminal cases and personal lives, including evidence pertaining to Plaintiffs' character," under Rules 401 and 403. (Doc. 117 at 18.)

This Motion is DENIED. Plaintiffs' criminal history, living situations, work history, and income history are all relevant. However, there is a limit to the amount of character evidence the Court will allow. If Plaintiffs believe the Court should give a cautionary instruction on character evidence, they should propose one.

### B.  Admissibility of Evidence: Plaintiffs' Deposition Testimony and Arithmetic

#### 1.  Deposition Testimony

Plaintiffs request an advisory ruling regarding the admissibility of deposition testimony. (*Id.* at 20.) Specifically, Plaintiffs ask the Court to admit deposition testimony of former and current County officials, including the current Ravalli County Sheriff, two former Jail Diversion Program officers, two current Jail Diversion Program officers, the current Supervisor of the Jail Diversion Program, and the current Administrative Director for the County as opposing party statements under Federal Rule of Evidence 801(d)(2). (*Id.*)

The Court acknowledges, as a general principle, that depositions of party opponents can be used at trial consistent with Rule 801(D)(2). However, any use of deposition testimony must comply with District of Montana Local Rule 16.4(b)(2). The Court RESERVES RULING on whether any deposition testimony will be admitted and allowed at trial.

## 2. Arithmetic

Plaintiffs move for judicial notice of eight facts "based on simple arithmetic" included in their Statement of Undisputed Facts. (Doc. 117 at 21.) The Court RESERVES RULING on how math will be used at trial.

## III. Defendant's Supplemental Motion in Limine (Doc. 134)

Defendant's Supplemental Motion in Limine seeks exclusion of three additional categories of evidence: argument that Plaintiffs are deprived of property when the County charges fees for pretrial services; argument or assertion that Ravalli County is liable for policies or practices of the Ravalli County District Courts, or County Attorney's Office; and argument regarding prohibition of pretrial supervision fees prior to conviction. (Doc. 135 at 1–7.)

Defendant's Motion is untimely, overly general, lacking citation to the Federal Rule of Evidence—not to be confused with the Federal Rules of Civil Procedure—and contrary to the Court's substantive rulings in this case. Therefore, this Motion is DENIED IN FULL.

DATED this 13th day of February, 2026.

Dana L. Christensen, District Judge
United States District Court