IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL O'TOOLE, RICHARD CHURCHILL, and KEITH LEONARD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>      vs.<br><br>RAVALLI COUNTY,<br><br>    Defendant. | CV 21–89–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Ravalli County's ("the County") Application

for Taxation of Costs. (Doc. 191.) For the reasons herein, the request is denied.

**BACKGROUND**

Plaintiffs brought this class action under 42 U.S.C. § 1983, challenging fees

associated with the County's Jail Diversion Program on constitutional and state

law grounds. Following several years of pretrial litigation, the case proceeded to a

jury trial in March 2026. After four days of evidence and testimony, the jury

returned a verdict for the County, finding that the County had not violated

1

Plaintiffs' due process rights.[1] (Doc. 187.)

### DISCUSSION

The County seeks $1,702.95 in costs, including costs for subsistence expenses and witness fees, parking and mileage fees, and deposition costs. (Doc. 191.) Plaintiffs oppose, arguing that costs are inappropriate and uncollectable from indigent Plaintiffs, assigning costs to Plaintiffs would have a chilling effect on civil rights litigation, and the County's request includes unjustified costs. (Doc. 192 at 5.) In response, the County argues that Plaintiffs have not provided evidence that they are incapable of paying the requested costs, that $1,702.95 does not pose a risk of chilling future litigation, and that the County seeks only taxable costs. (Doc. 194 at 3–10.)

Under Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's fees "should be allowed to the prevailing party" unless "a court order provides otherwise." While "the rule creates a presumption in favor of awarding costs to a prevailing party," it also "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). The Ninth Circuit has approved a district court's refusal to award

---

[1] Plaintiffs' due process claims were the only claims tried by the jury. All other claims were resolved at the summary judgment stage or through the County's motion for judgment as a matter of law.

costs due to the losing party's limited financial resources. *National Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982).

In *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir.), *cert. denied*, 528 U.S. 1022 (1999), the Ninth Circuit held that the district court abused its discretion in awarding costs to a defendant while failing to consider a plaintiff's indigency and the chilling effect of imposing costs on future civil rights litigants. The court explained that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases," as well as the fact that "imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." *Id.* at 1079–80.

Here, Plaintiffs' undisputed indigence supports denial of costs. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248 (9th Cir. 2014) ("Costs are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed"). Further, while the jury rendered a verdict in favor of the County, the Court believes the Plaintiffs "raised important issues and the answers were far from obvious." *Stanley*, 178 F.3d at 1080. Civil rights litigants such as Plaintiffs should not be discouraged from engaging in litigation that "test[s] the boundaries of our laws." *Id.* Therefore, based on Plaintiffs' indigence and the risk of chilling future civil rights litigation, the County's request must be

3

denied.

Accordingly, IT IS ORDERED that Defendant Ravalli County's Application for Taxation of Costs (Doc. 191) is DENIED.

DATED this 28th day of April, 2026.

_____
Dana L. Christensen, District Judge
United States District Court